IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

GINO V. JACKSON,

    Plaintiff,

v.                                                 Civil Action No. **3:09CV78**

J. BRUCE STRICKLAND, *et al.*,

    Defendants.

## REPORT AND RECOMMENDATION

Gino Jackson, a Virginia inmate proceeding *pro se*, filed this action. By Memorandum Order entered on August 26, 2009, the Court directed Plaintiff to file a Particularized Complaint within twenty (20) days of the date of entry thereof. On September 11, 2009, Plaintiff executed and presumably mailed a particularized complaint.[1] The Particularized Complaint is before the Court for evaluation pursuant to 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). Jurisdiction is appropriate pursuant to 28 U.S.C. §§ 636(b) and 1343(a)(3).

### Preliminary Review

This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*,

---

[1] Pursuant to *Houston v. Lack*, 487 U.S. 266 (1988), an inmate's motion is deemed filed on the date it is handed to prison staff for mailing. Because Plaintiff timely filed his particularized complaint, Plaintiff's Motion for an Extension of Time (Docket No. 25) is DENIED AS MOOT.

490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle only applies to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs can not satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility

2

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (*citing Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### Summary of Allegations and Analysis

Plaintiff names sixteen defendants, including Patricia Anne Jackson, his ex-wife; Daniel M. Chichester, the Commonwealth's Attorney for Stafford County; Arthur Townsend, Sheriff of Lunenburg County; H. Lee Hart, Sheriff of Culpeper County; and Leroy R. Hassell, Sr., Chief Judge of the Virginia Supreme Court.[2] Plaintiff alleges generally that Defendants have conspired against him in the course of criminal and divorce proceedings. Plaintiff claims that "defendants have acted to gain financial advantage for defendant Patricia Anne (Kowalski) Jackson for the

---

[2] Plaintiff also names Eric L. Olsen, an assistant Commonwealth's Attorney in Stafford County, Virginia; Phong Michael Hardiman; J. Bruce Strickland; Barbara G. Decatur; Leigh S. Gettier; R. Shawn Majette; Heather R. Gunn; Donald R. Curry; Colonel W.S. Flaherty, Superintendent of the Virginia State Police; Francis K. Haley; and Gary L. Close.

3

matter of divorce in exchange for her complicity with the prosecutors in creating false forensic evidence." (Am. Comp. 1.) Plaintiff asks for compensatory damages of $360,000 and punitive damages of $720,000. He also requests "a declaratory judgment that the ruling of the Court of Appeals of Virginia [in his divorce proceedings] is unlawful and unconstitutional," a declaratory judgment that judicial misconduct has occurred, an injunction preventing the Court of Appeals of Virginia from affirming the judgment of the trial court in his divorce proceedings, and injunctions against Defendants preventing future harassment. (Am. Compl. 10.)

Plaintiff's claims are entirely conclusory and unsupported by allegations of fact. For example, Plaintiff states that Defendant Chichester "used his judicial and political influence to cause [State court Judges] to violate the plaintiff's rights to due process and equal protection of the law by twice acting to unlawfully divorce the plaintiff from Ms. Jackson," and also "used his judicial influence to prevent the Court of Appeals of Virginia from overturning the second unnoticed divorce through the plaintiff's appellate action." (Am. Compl. ¶ 3.) Plaintiff fails, however, to explain how Defendant Chichester accomplished these feats. Plaintiff also claims that Defendants "conspired . . . to interfere with plaintiff's access to the court by interfering with his access to the law and/or notary services at Coffeewood Correctional Center." (Am. Compl. ¶ 17.) Plaintiff offers no factual allegations to support this claim, or to support additional conspiracies to "attempt to coerce the plaintiff into signing a 'gift deed' for the marital residence," "prevent the plaintiff's property from being protected by the Court appointed Committee," and "prevent [Defendants Flaherty, Hart, and Close] from investigating the attempt to extort a 'gift deed' from the plaintiff." (Am. Compl. ¶ 17.) Similarly lacking in support are allegations that various Defendants conspired "to prevent court reporters from either being

present at [divorce] hearings," "to prevent the plaintiff from being able to purchase transcripts," or "to prevent the Virginia State Bar and Judicial Review Inquiry and Review Commission from investigating and punishing judge, prosecutor, and lawyer misconduct for litigation concerning the plaintiff in Stafford County Circuit Court." (Am. Compl. ¶ 16.)

A plaintiff cannot state a claim by merely asserting that a conspiracy exists. *Bell Atl. Corp.*, 550 U.S. at 555. Such an assertion is a legal conclusion and not entitled to be treated as true. *Id.* Instead, a plaintiff must allege facts which, if true, would plausibly suggest an unlawful agreement. *Id.* at 570. In this case, Plaintiff relies upon "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," which are insufficient to state a claim in federal court. *Id.* at 555 (citing cases); *see also Marangos v. Swett*, No. 08-4146, 2009 WL 1803264, at *2 (3d Cir. June 25, 2009) (explaining that "legal conclusions couched as factual allegations" are entitled to no presumption of truth). Plaintiff has not fulfilled his obligation to plead "factual content that allows the court to draw the reasonable inference" that an agreement or conspiracy existed. *Iqbal*, 129 S. Ct. at 1949. Accordingly, it is RECOMMENDED that Plaintiff's claims be DISMISSED.

Plaintiff is advised that he may file specific written objections to the Report and Recommendation within ten (10) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. Failure to timely file specific objections to the Report and Recommendation may result in the dismissal of his claims. *See* Fed. R. Civ. P. 72(b). It may also preclude further review or appeal from such judgment. *See Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

If Plaintiff wishes to file an amended complaint to correct the deficiencies described above, he must submit an amended complaint within ten (10) days of the date of entry hereof. *See Williams v. Wilkerson*, 90 F.R.D. 168 (E.D. Va. 1981). Such complaint must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to each claim against each defendant. Plaintiff must also state what civil rights he believes each defendant violated and explicitly state how said defendant's actions violated each constitutional right. Any amended complaint will supplant his current complaint and all prior submissions. The amended complaint must stand or fall of its own accord.

The Clerk is DIRECTED to send a copy of the Report and Recommendation to Plaintiff. And it is so ORDERED.

/s/ M. Hannah Lauck
United States Magistrate Judge

Date: 11-9-09
Richmond, Virginia

6