
FILED
SEP 14 2010
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

GINO V. JACKSON,

    Plaintiff,

v.                                             Civil Action No. **3:09CV78**

J. BRUCE STRICKLAND, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Plaintiff, a Virginia inmate, brings this civil action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction is appropriate pursuant to 28 U.S.C. § 1343(a)(3).

## I. PROCEDURAL HISTORY

The Magistrate Judge made the following findings and recommendations:

### Preliminary Review

    This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

    "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle only applies to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs can not satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (*citing Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Summary of Allegations and Analysis

Plaintiff names sixteen defendants, including Patricia Anne Jackson, his ex-wife; Daniel M. Chichester, the Commonwealth's Attorney for Stafford County; Arthur Townsend, Sheriff of Lunenburg County; H. Lee Hart, Sheriff of Culpeper County; and Leroy R. Hassell, Sr., Chief Judge of the Virginia Supreme Court.[1] Plaintiff alleges generally that Defendants have conspired against him in the course of criminal and divorce proceedings. Plaintiff claims that "defendants have acted to gain financial advantage for defendant Patricia Anne (Kowalski) Jackson for the matter of divorce in exchange for her complicity with the prosecutors in creating false forensic evidence." (Am. Comp. 1.) Plaintiff asks for compensatory damages of $360,000 and punitive damages of $720,000. He also requests "a declaratory judgment that the ruling of the Court of Appeals of Virginia [in his divorce proceedings] is unlawful and unconstitutional," a declaratory judgment that judicial misconduct has occurred, an injunction preventing the Court of Appeals of Virginia from affirming the judgment of the trial court in his divorce proceedings, and injunctions against Defendants preventing future harassment. (Am. Compl. 10.)

---

[1] Plaintiff also names Eric L. Olsen, an assistant Commonwealth's Attorney in Stafford County, Virginia; Phong Michael Hardiman; J. Bruce Strickland; Barbara G. Decatur; Leigh S. Gettier; R. Shawn Majette; Heather R. Gunn; Donald R. Curry; Colonel W.S. Flaherty, Superintendent of the Virginia State Police; Francis K. Haley; and Gary L. Close.

> Plaintiff's claims are entirely conclusory and unsupported by allegations of fact. For example, Plaintiff states that Defendant Chichester "used his judicial and political influence to cause [State court Judges] to violate the plaintiff's rights to due process and equal protection of the law by twice acting to unlawfully divorce the plaintiff from Ms. Jackson," and also "used his judicial influence to prevent the Court of Appeals of Virginia from overturning the second unnoticed divorce through the plaintiff's appellate action." (Am. Compl. ¶ 3.) Plaintiff fails, however, to explain how Defendant Chichester accomplished these feats. Plaintiff also claims that Defendants "conspired . . . to interfere with plaintiff's access to the court by interfering with his access to the law and/or notary services at Coffeewood Correctional Center." (Am. Compl. ¶ 17.) Plaintiff offers no factual allegations to support this claim, or to support additional conspiracies to "attempt to coerce the plaintiff into signing a 'gift deed' for the marital residence," "prevent the plaintiff's property from being protected by the Court appointed Committee," and "prevent [Defendants Flaherty, Hart, and Close] from investigating the attempt to extort a 'gift deed' from the plaintiff." (Am. Compl. ¶ 17.) Similarly lacking in support are allegations that various Defendants conspired "to prevent court reporters from either being present at [divorce] hearings," "to prevent the plaintiff from being able to purchase transcripts," or "to prevent the Virginia State Bar and Judicial Review Inquiry and Review Commission from investigating and punishing judge, prosecutor, and lawyer misconduct for litigation concerning the plaintiff in Stafford County Circuit Court." (Am. Compl. ¶ 16.)
>
> A plaintiff cannot state a claim by merely asserting that a conspiracy exists. *Bell Atl. Corp.*, 550 U.S. at 555. Such an assertion is a legal conclusion and not entitled to be treated as true. *Id.* Instead, a plaintiff must allege facts which, if true, would plausibly suggest an unlawful agreement. *Id.* at 570. In this case, Plaintiff relies upon "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," which are insufficient to state a claim in federal court. *Id.* at 555 (citing cases); *see also Marangos v. Swett*, No. 08-4146, 2009 WL 1803264, at *2 (3d Cir. June 25, 2009) (explaining that "legal conclusions couched as factual allegations" are entitled to no presumption of truth). Plaintiff has not fulfilled his obligation to plead "factual content that allows the court to draw the reasonable inference" that an agreement or conspiracy existed. *Iqbal*, 129 S. Ct. at 1949. Accordingly, it is RECOMMENDED that Plaintiff's claims be DISMISSED.

(Nov. 9, 2009 Report and Recommendation.) The Court advised Plaintiff that he could file objections or an amended complaint in response to the Report and Recommendation within ten (10) days of the date of entry thereof. On November 24, 2009, Plaintiff filed objections to the Report and Recommendation. On December 11, 2009, Plaintiff filed an Amended Complaint.[2]

---

[2] Pursuant to *Houston v. Lack*, 487 U.S. 266 (1988), an inmate's motion is deemed filed on the date it is handed to prison staff for mailing.

3

Although the Amended Complaint was untimely filed, the Court will consider whether it states a claim.

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (*citing Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). This Court may adopt without *de novo* review any portion of the magistrate judge's recommendation to which the parties do not raise a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

## III. ANALYSIS

In his objections to the Report and Recommendation, Plaintiff contends that the Magistrate Judge evaluated his complaint pursuant to an overly strict standard. In support of his claim, Plaintiff cites to law predating the Supreme Court's holdings in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Contrary to Plaintiff's assertions, the Magistrate Judge applied the correct law and reached the correct conclusions. Plaintiff's objections to the Report and Recommendation will be OVERRULED.

4

Plaintiff has also submitted an Amended Complaint. The Amended Complaint is identical to the original with the exception of one additional paragraph. (*See* Amended Compl. ¶ 18.) Like the remainder of the complaint, the new paragraph – which is nearly two single-spaced pages long - offers nothing more than conclusions unsupported by factual allegations. The Magistrate Judge's Report and Recommendation applies with equal force to Plaintiff's Amended Complaint. Accordingly, the Report and Recommendation will be ACCEPTED AND ADOPTED. Plaintiff's claims and the action will be DISMISSED WITHOUT PREJUDICE.

An appropriate Order will accompany this Memorandum Opinion.

/s/
James R. Spencer
Chief United States District Judge

Date: 7-14-0
Richmond, Virginia